UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IAN SCHEIL,

                Plaintiff,

       v.                                   20-CV-06022-A

                                                **ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

      Plaintiff's attorney, Mary Ellen Gill, Esq., has filed a motion for approval of his

fee pursuant to 42 U.S.C. § 406(b).  Before approving counsel's fee, the Court must

perform an independent check of the request.  *Gisbrecht v. Barnhart*, 535 U.S. 789,

807 (2002).  Upon such review, the Court may approve a "reasonable fee."  42 U.S.C.

§ 406(b).  After its independent check, and for the reasons stated below, the Court

finds that counsel's requested fee of $24,086.25 is reasonable in this case.

## BACKGROUND

      On January 10, 2020, counsel filed a complaint in this Court pursuant to 42

U.S.C. § 405(g).  The complaint sought review of the Commissioner's decision

denying Plaintiff's application for Social Security benefits.  *See* Dkt. No. 1.

Subsequently, counsel for Plaintiff filed a motion for judgment on the pleadings, *see*,

Dkt. No. 11, and counsel for the Commissioner filed a motion for similar relief. *See*,

Dkt. No. 14.  On August 2, 2021, this Court entered a Decision and Order reversing

the final decision of the Commissioner and remanding the matter for further

administrative proceedings.  *See*, Dkt. No. 16.  In November of 2021, the parties stipulated that, under the Equal Access to Justice Act (EAJA), counsel was entitled to attorney fees and court costs totaling $7,899.81.  *See*, Dkt. No. 20.

On remand, the Administrative Law Judge issued a decision in favor of the Plaintiff.  The Commissioner withheld 25 percent of the Plaintiff's past-due benefits (totaling $24,086.25) for possible attorneys' fees.  *See*, Dkt. No. 22-3, p. 3.

Counsel then filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court.  See, Dkt. No. 22. Counsel's motion seeks the $24,086.25 that the Commissioner has withheld from the Plaintiff's past-due benefits, with the understanding that upon the receipt of such funds Plaintiff's counsel shall refund to the Plaintiff the sum of $7,899.81, the amount previously paid to her in EAJA fees and court costs.  *Id*.  In support of her § 406(b) motion, counsel includes her billing records for this case, which show that she spent 37.3 hours on her representation of the Plaintiff before the Court.  *See,* Dkt. No. 22-6 ¶ 3.

## DISCUSSION

### A.  Standard for awarding fees under § 406(b)

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b).  The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. at 807.  Towards that end,

"Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered." *Id.* In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Id.* n.17 (internal quotation marks omitted). "[T]he attorney bears the burden of persuasion that the statutory [reasonableness] requirement has been satisfied." *Id.*

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on his client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, the court may appropriately reduce a fee "so that the attorney will not profit" from delay that is attributable to him. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b). First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.* Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b). *Id.* Thus, the Court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808. The Court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.

Putting all of these principles together, the Court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. At bottom, the Court must consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney." *Id.*

4

**B. Whether counsel's requested fee is "reasonable" under § 406(b)**

With these principles in mind, the Court assesses the reasonableness of counsel's requested fee.  The Commissioner takes no position on Plaintiff's counsel's request.[1]  Dkt. No. 26.

In assessing the reasonableness of counsel's requested fee, the Court has considered that counsel previously stipulated to an EAJA award of $7,899.81 for the same work at issue in his § 406(b) motion.  This provides the Court with a rough baseline of what a "reasonable" fee might be in this case.  Balanced against that fact, however, this Court must consider the Second Circuit's reminder that a contingency agreement, which is the basis for the fee counsel requests in his motion, "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment."  *Wells*, 907 F.2d at 371.  Thus, in assessing whether counsel's requested fee is reasonable under § 406(b), the Court is very cognizant of the fact that counsel assumes the risk of nonpayment in all her Social Security matters.

The Court concludes that counsel's requested $24,086.25 fee is "reasonable." 42 U.S.C. § 406(b).  The Court finds that counsel's requested fee is not a windfall, *see Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005), that counsel did not

---

[1]  Fees requested pursuant to § 406(b) come from the attorney's client's recovery.  They do not come, as they do in the EAJA context, from the public fisc.  Thus, unlike a claim for fees under the EAJA, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht*, 535 U.S. at 798 n.6.

delay the resolution of this case, and that counsel's requested fee reasonably compensates an attorney with counsel's experience in handling Social Security claims.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved because counsel filed a motion for judgment on the pleadings with non-boilerplate arguments and obtained a remand, which ultimately led to a fully favorable decision awarding benefits to Plaintiff and to Plaintiff's children. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings to inflate past due benefits and the potential fee award. Counsel requested no extensions of time in this matter.

As to the third factor, that is, whether the fee award constitutes a windfall to the attorney, the Supreme Court has directed courts to consider "whether the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808.  This is not an invitation to apply the lodestar method, however. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("[T]he windfall factor does not constitute a way of reintroducing the lodestar method."). In *Fields*, the Second Circuit emphasized that the windfall analysis is primarily concerned with whether the fee was unearned. *Id*. at 856. Courts consider four factors in determining whether a fee is unearned: (1) whether counsel has a special "ability and expertise" that permits her to be particularly efficient, (2) whether counsel's relationship with the claimant predates the case in federal court, (3) whether the claimant is satisfied with the results, and (4) the level of uncertainty surrounding the likelihood of obtaining an award of benefits and the effort it took to achieve the award. *Id*. at 854-55. "A windfall is more likely to be present in a

case ... where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about." *Id*.

Here, the fee requested by counsel has been earned. Counsel has considerable expertise and experience in handling Social Security cases and has written over 300 memoranda of law seeking judicial review of denial of claims from the Social Security Administration. Dkt. No. 22-2 ¶¶ 6-8. Counsel's efforts on behalf of Plaintiff were particularly successful, resulting in a fully favorable decision and an award of $96,345.00 award of past-due benefits, along with ongoing monthly benefits. There is no indication that Plaintiff objects to counsel's fee request. Plaintiff also agreed that his attorney would receive fees equal to 25% of past-due benefits awarded, Dkt. No. 22-5, an amount equivalent to that which counsel now requests.

Finally, while the Court acknowledges that the *de facto* hourly rate of $645.75 is significant, this Court "must consider more than the *de facto* hourly rate" in deciding whether there is a windfall. *Fields*, 24 F.4th at 854. Having considered counsel's specialization in Social Security matters, the length of the professional relationship, and the excellent results achieved for Plaintiff, the Court concludes that counsel's request does not constitute a windfall. *See id*. at 856. Moreover, the amount requested is equal to or within the 25% cap, and the hourly rate in line with the fees that other Judges in this Circuit, *see e.g.*, *Fields*, 24 F.4th at 854 (*de facto* hourly rate of $1,556.98 approved), and District, *see e.g.*, *Leonard J.H. v. Comm'r of Soc. Sec., No*. 18-CV-1436-FPG, 2023 WL 2768300, at *3–4 (W.D.N.Y. Apr. 4, 2023) (*de facto* hourly rate of $1,473.77 approved); *John C. v. Comm'r of Soc. Sec.*, 20-CV-99, 2023 WL

7

2623584, at *2 (W.D.N.Y. March 24, 2023) (de facto hourly rate of $1,685.39 approved).  Accordingly, the Court concludes that the requested fee of $24,086.25 is reasonable. Further, Plaintiff's counsel must return the $7,899.81 in EAJA fees and court costs she previously received to Plaintiff.

## CONCLUSION

Counsel's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted. The Court finds that counsel is entitled to recover $24,086.25 for her work on this case.  Thus, the Commissioner shall release to Mary Ellen Gill, Esq. the $24,086.25 she has withheld from the Plaintiff's award.  Further, counsel shall refund her the EAJA fee and court costs totaling $7,899.81 to the Plaintiff.  *See* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.

**IT IS SO ORDERED**.


*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  February 12, 2024
       Buffalo, New York